UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROMAN L. FRENCH,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BENNETT *et al.*,<br><br>Defendants. | CAUSE NO. 3:22-CV-965-DRL-JEM |

OPINION AND ORDER

Roman L. French, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. French, an inmate at Miami Correctional Facility (MCF), alleges that he was returning from picking up a food order on afternoon of April 29, 2022, when he found a gate that he needed to pass through was locked. Mr. French asked Sgt. Cruz to unlock the gate. Major Bennett responded by telling Mr. French to "shut up and wait." ECF 1 at 2. Mr. French responded by telling Major Bennett to "shut the fuck up" and that he "was not talking to him." Major Bennett again told Mr. French to shut up. Mr. French responded by calling Major Bennett a "bitch" and again telling him to "shut the fuck up."

Major Bennett asked if Mr. French knew who he was. Mr. French indicated he did know who he was, and he "didn't give a fuck." Major Bennett directed Sgt. Cruz to place Mr. French in cuffs. After Mr. French was cuffed, Major Bennett began talking to Mr. French as if he were a child, telling Mr. French he should respect him and demanding that Mr. French apologize. He refused.

Major Bennett directed Sgt. Cruz to place Mr. French in a holding cell. Several hours later, Sgt. Cruz returned Mr. French to his cell house. Mr. French found his property sitting in the hall and unsecured. Much of it was later stolen and couldn't be recovered. Major Bennett ordered that Mr. French be placed on strip-cell status, with only a blanket and mattress. Although no conduct report was issued, Mr. French remained on strip-cell for two and a half days, until 7:00 a.m. on May 2, 2022. During this time, medical wasn't notified of his status and didn't know to bring Mr. French his medications. He also wasn't provided with breakfast, and he may have also missed a lunch. Mr. French believes this violates his rights.

The Constitution doesn't create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472 (1995). Instead, an inmate will be entitled to due process protections only when more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. After *Sandin*, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a

result. *See, e.g.*, *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005). Here, Mr. French was subjected to harsher conditions for two and a half days. This doesn't amount to a due process violation.

That Mr. French missed a few meals and medications while on strip cell status also doesn't violate the Constitution. Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotations, brackets, and citation omitted).

Objectively, "[t]here is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *see also Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). There are many reasons why people, inmates and free citizens alike, will occasionally miss meals. In *Morris v. Kingston*, 368 F. Appx. 686 (7th Cir. 2010), the Seventh Circuit considered a much more extreme case when an inmate involuntarily missed 17 meals over 23 days. The court explained:

> To establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970; *Collins v. Seeman,* 462 F.3d 757, 760 (7th Cir. 2006). This requires that prison officials knew about a substantial risk of harm to the inmate and refused to act to prevent that harm. *Farmer,* 511 U.S. at 837, 114 S.Ct. 1970; *Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008). Mere negligence – even gross negligence – does not violate the Constitution. *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008).

*Id*. at 688–89. The court concluded that the plaintiff in that case had not "establish[ed] a constitutional violation because he has not shown that missing his meals or medicine caused serious harm or lasting detriment." *Id.* at 689 (citing *Freeman v. Berge,* 441 F.3d 543, 547 (7th Cir. 2006)). Thus, Mr. French's allegation that he missed a few meals and a few doses of medication over two and a half days doesn't amount to a denial of the minimal civilized measure of life's necessities.

It is unclear if Mr. French is suing Major Bennett for the loss of his property; but, to the extent he is, his complaint doesn't state a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" But a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate

post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Mr. French also named MCF Grievance Specialist Michael Gapski as a defendant because he is unhappy with how Mr. Gapski handled his grievances. Mr. French, however, has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Therefore, he cannot proceed against Mr. Gapski.

Finally, Mr. French named MCF Warden Richard Brown or George Payne as a defendant. The complaint, however, doesn't allege that the warden of MCF had any personal involvement in this incident. In fact, Mr. French admits the warden was not notified he had been placed on strip cell status. ECF 1 at 2. "Liability under [42 U.S.C.] § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Therefore, Mr. French cannot proceed against the warden.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan*

*Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 15, 2023

*s/ Damon R. Leichty*
Judge, United States District Court